# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| STEVEN ROGERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 1:12-cv-01176-JMS-TAB |
| | ) |
| KEITH BUTTS, | ) |
| | ) |
| Respondent | ) |

### Entry Discussing Petition for Writ of Habeas Corpus

For the reasons explained in this Entry, the petition of Steven Rogers for a writ of habeas corpus must be **denied** and this action **dismissed with prejudice.**

### Background

The pleadings and the expanded record in this action establish the following:

1. Rogers is confined at an Indiana prison. He seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. ISR 12-06-0050, wherein he was found guilty of having violated prison rules of conduct by being in possession of intoxicants.

2. On June 12, 2012, a conduct report was issued reciting that on that day Officer J. Corey was doing a random shakedown at the bed location assigned to Rogers and found a quantity of intoxicants in a property box.

3. After being supplied with a copy of the written charge and notified of his procedural rights, a hearing was conducted on June 18, 2012. Rogers was found guilty of the misconduct with which he had been charged. He was sanctioned, in part, with the deprivation of a period of earned good-time and a demotion in his credit class, his administrative appeals were rejected, and this action followed.

**Discussion**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to ensure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Rogers was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Under *Wolff* and *Hill,* Rogers received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Rogers was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for his decision and for the sanctions which were imposed.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Rogers to the relief he seeks. Accordingly, Rogers' petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/28/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Steven Rogers
#149817
Branchville Correctional Facility
21390 Old State Road 37
Branchville, IN 47514

Electronically Registered Counsel